UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EUGENE A. FISCHER,

    Petitioner,

v.                                                                     Case No. 5:03-cv-457-Oc-10GRJ

STAN YATES, et al.,

    Respondent.

_____

**<u>ORDER DENYING PETITION</u>**

    Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Petition stems from Petitioner's 1988 convictions in the Southern District of Illinois for one count of participating as a principal administrator, organizer, or leader of a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, and one count of conspiring to distribute marijuana in violation of 21 U.S.C. § 846. See United States v. Kramer, 955 F.2d 479, 481 (7th Cir. 1992). Petitioner received a mandatory life sentence for the CCE conviction and a 35-year concurrent sentence for the conspiracy conviction. Kramer, 955 F.2d at 482. Petitioner argues that he is entitled to seek relief from his CCE conviction under § 2241 by way of the "savings clause" of 28 U.S.C. § 2255, and pursuant to Richardson v. United States, 526 U.S. 813, 817-24 (1999), in which the Supreme Court held that a jury must unanimously agree as to which specific violations make up the continuing series of offenses underlying a CCE conviction. Petition, Doc. 1.

The Government has filed a response, and this case is now ripe for determination. For the following reasons, the Court concludes that the Petition must be denied.

## Procedural History

According to the Seventh Circuit opinion, the trial evidence established that Petitioner, along with his co-defendants, orchestrated a series of marijuana transactions including: importing 30,000 pounds of marijuana into Bridgeport, Connecticut, in the spring of 1983; importing 14,000 pounds of marijuana into New York in the fall of 1983; importing 147,000 pounds of marijuana into San Francisco in 1984; importing 152,000 pounds of marijuana into New Orleans in 1985, and importing 130,000 pounds of marijuana into San Francisco in 1986. Kramer, 955 F.2d at 482-83.

Although Richardson had not yet been decided, Petitioner raised the jury unanimity issue in the trial court and on direct appeal. Id. at 486-87. The Court of Appeals rejected the argument, noting that "[t]he general unanimity instruction required the jury to find that the appellants committed at least *three* predicate acts. Thus the appellants' unanimity argument is unavailing." Id. at 487.

Subsequently, the Supreme Court decided Rutledge v. United States, 517 U.S. 292, 307 (1996), in which it held that a § 846 conspiracy is a lesser included offense of a § 848 CCE. Petitioner thereafter sought relief in the district court pursuant to Fed. R. Crim. P. 35. The district court vacated the conspiracy conviction, subject to reinstatement should the CCE conviction ever be overturned,

and the Court of Appeals affirmed. See United States v. Fischer, 205 F.3d 967, 969 (7th Cir. 2000). During the Rule 35 appeal, the Supreme Court decided Richardson, and the Court of Appeals granted Petitioner leave to brief that issue. Fischer, 205 F.3d at 969-70. The Court determined that the Richardson argument was an attack on the underlying CCE conviction, not on the sentence imposed, and that such a challenge must be litigated under § 2255. Id. at 972. Fischer had filed a § 2255 motion in 1997, and the district court's denial of the motion was at that time on appeal. Id.

Petitioner had not asserted his CCE jury-unanimity argument in his § 2255 motion in the district court. In the § 2255 appeal, Fischer petitioned to amend his application for a Certificate of Appealability (COA) to include this claim pursuant to Richardson. Fischer v. United States, 285 F3d 596, 599 (7th Cir. 2002). The Court of Appeals denied Fischer a COA as to the habeas issues raised in the district court, but granted a COA limited solely to the Richardson issue. Id. The Court also denied Petitioner leave to file a successive § 2255 motion. The Court then held that Fischer had waived the jury unanimity issue by failing to raise it in his habeas petition in the district court. Id. at 600-01. In response to Petitioner's argument that the Court of Appeals had advised him to seek relief on the Richardson claim in his § 2255 appeal, the Court explained that the opinion in the Rule 35 case had only advised Petitioner of the proper method for raising the claim and that the COA only permitted Fischer to obtain the Court's review. Id. at 601. The Court held that "[n]either the

Rule 35 opinion, nor the [COA] relieved Fischer of complying with the procedural requirements necessary to pursue his Richardson claim, and his failure to challenge the lack of jury unanimity before the district court is fatal to his claim on appeal." Id.

### Petitioner's Claims

Petitioner asserts that he is entitled to seek relief on his Richardson claim in this court under § 2241 because his claim meets the requirements of the § 2255 savings clause. Petitioner contends that § 2255 is inadequate to test the validity of his conviction, and that he is actually innocent of the offense of conviction. See Petition, Doc. 1, 10-11. Petitioner argues that a jury required to unanimously agree on the specific CCE violations would likely not have been able to do so, in light of the evidence presented at trial. See id. at 42. As support for his actual-innocence claim, Petitioner points to evidence adduced in subsequent trials of Petitioner's co-defendant Ben Kramer and others on RICO and money laundering charges in the Southern District of Florida and related forfeiture proceedings. Id. at 44. According to Petitioner, the evidence in those proceedings did not link Petitioner in any way to the activities of his co-defendants. Id. at 45-51.

Petitioner also moves for leave to file supplemental authority, arguing that House v. Bell, ___ U.S. ___, 126 S.Ct. 2064 (2006) held that a Petitioner showing actual innocence may seek relief under § 2241. See Doc. 28. Petitioner's Motion to file such authority is **GRANTED**.

## **Discussion**

The primary means of collaterally attacking a federal conviction and sentence is through a § 2255 motion. In this case, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that a Petition such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that <u>such court denied him relief</u>[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" of § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). In <u>Wofford</u>, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id. (emphasis added). All three Wofford criteria must be satisfied, and thus the Wofford requirements will only be satisfied "in the narrowest of circumstances." Id.

Only if those narrow and stringent requirements are met may a Petitioner "open the portal" to a § 2241 proceeding, and once the portal is opened the Petitioner must then demonstrate "actual innocence." Id. (citing Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

In this case, Petitioner's claims founder on the second Wofford requirement. Although Richardson applies retroactively and the Seventh Circuit determined that Petitioner's jury-unanimity argument was foreclosed by circuit precedent, Petitioner cannot show that the holding of Richardson establishes that he was convicted of a nonexistent offense. In considering the second part of the Wofford test in Sawyer v. Holder, 326 F.3d 1363, 1365-67 (11th Cir. 2003), the Eleventh Circuit concluded that a Richardson claim "is not the type of defect that opens the portal to a § 2241 proceeding." "The conduct necessary to show a CCE offense is the same post-Richardson. Richardson clarified the standard by which a jury must find a defendant guilty of a CCE offense, but it did not invalidate CCE offenses. As such, [Petitioner] was not convicted of a nonexistent offense." Id. at 1366. See also Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003) (a petitioner is convicted of a nonexistent offense

when he can "admit everything charged in [the] indictment, but the conduct no longer amounts to a crime under the statutes (as correctly understood).").[1]

Petitioner contends that Sawyer is distinguishable because the Eleventh Circuit in that case went on to point out that the jury found Sawyer guilty of five substantive drug offenses which necessarily established that the jurors agreed unanimously that he was guilty of those offenses, and therefore the core concern of Richardson was not implicated. See Reply, Doc. 25 at 11; Sawyer, 326 F.3d 1366. Petitioner argues that, unlike Sawyer, he was not convicted of any substantive drug offenses. The Respondent points out that the jury also returned a unanimous money judgment forfeiture verdict against Petitioner in the amount of $30 million, which was the total amount alleged in the indictment to have been received by Petitioner for all of the drug transactions identified in Petitioner's CCE count, thus reflecting jury unanimity on the underlying offenses. See Doc. 17 at 8. Inasmuch as the Eleventh Circuit had concluded that Sawyer failed to meet the second Wofford requirement, arguably it was unnecessary for the Court to address the merits of Sawyer's Richardson claim. Because it is plain that Sawyer precludes relief under § 2241 in this case because Petitioner cannot satisfy the second prong of Wofford, the court will not address the merits of Petitioner's jury-unanimity claim.

Petitioner argues that his actual-innocence claim should serve to "open the portal" to relief under § 2241, and cites House v, Bell as support. See Doc. 28. The

---

[1] Kramer involved a Richardson claim asserted by one of Petitioner's co-defendants.

Eleventh Circuit has recently explained that "House restates the well established rule that actual innocence may overcome a procedural default . . . [n]onetheless, we will not address the question of whether [Petitioner] has overcome his procedural default until [he] has established that the savings clause of § 2255 applies to him and, therefore, that he can validly bring his § 2241 petition." Ramiro v. Vasquez, 2006 WL 3697298 (11th Cir. Dec. 13, 2006) (unpublished).[2]  Accordingly, because Petitioner in this case cannot establish that the savings clause of § 2255 applies to him, this court will not address whether Petitioner's assertion of innocence, based on evidence allegedly adduced in the subsequent Southern District of Florida cases, would be sufficient to overcome the procedural bars to his Richardson claim.  See id.

## Conclusion

For the foregoing reasons, the Petition is **DENIED.**  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at  Ocala, Florida, this 22nd day of March 2007.



UNITED STATES DISTRICT JUDGE

c:   Counsel of Record

---

[2]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.